**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Cassady A. Adams
Assistant U.S. Attorney
Cassady.Adams@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October 17, 2025

Michael Benson
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

   Re: *United States v. Anthony Michael Sabin*
     Case No. 3:24-cr-00418-IM-1
     Rule 11(c)(1)(A),(B) Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees plead guilty to Count Three of the Indictment, which charges the crime of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

3. **Penalties**: The possible penalties for the crime charged in Count Three are a maximum of twenty years custody, a fine of up to $1,000,000, at least 3 three years of supervised release, and a $100 special assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

  Defendant understands that *if* the defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **No Prosecution/Dismissal**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement. Additionally, at the time of sentencing, the USAO agrees to dismiss the remaining charges against the defendant in the indictment.

Michael Benson
Anthony Sabin Plea Agreement
Page 2

5.  **Elements and Factual Basis**:  In order for defendant to be found guilty of Count Three of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine.

Second, the defendant possessed it with the intent to distribute it to another person.

Third, the defendant knew that it was methamphetamine or some other federally controlled substance.

Defendant admits the elements of the offense alleged in Count Three of the Indictment.

The following facts are true and undisputed:

On October 9, 2024, police conducted a traffic stop on a vehicle on the Umatilla Indian Reservation, within the District of Oregon. Defendant Anthony Sabin was in the backseat of the vehicle at the time of the traffic stop. Police detained all occupants of the vehicle, including Sabin. Within a bag in Sabin's possession, law enforcement located approximately 40 grams of methamphetamine, which is more than would be solely for personal use, and approximately 5 grams of fentanyl, as well as baggies, straws, and foil. A search warrant revealed additional narcotics within the vehicle. The parties agree that some of the drugs in Sabin's possession were likely for his own personal use, and that he is responsible for at least 20 KG but less than 40 KG of converted drug weight under the sentencing guidelines.

6.  **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). The parties agree that a Presentence Report (PSR) will be prepared and will not be waived.  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(a)(5) is a Base Offense Level of 16, prior to adjustments.

8.  **No Enhancement**:  The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

9.  **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

Michael Benson
Anthony Sabin Plea Agreement
Page 3

10.    **Downward Variance**:

A.    The USAO agrees to seek a downward variance under 18 U.S.C. § 3553(a) to 16 months imprisonment for mitigating circumstances and reasons to be presented at sentencing.

B.    Defendant reserves the right to seek an additional downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

C.    Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11.    **Sentencing Recommendation**: The government will recommend a sentence of **16 months custody,** followed by three years of supervised release. *The defendant may argue for any lawful sentence.*

12.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including:

- Taurus G3C 9mm caliber pistol, Serial No. ACG980529;
- Any associated firearm magazines, ammunition, and accessories.

B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under

Michael Benson
Anthony Sabin Plea Agreement
Page 4

Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

13.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement,

Michael Benson
Anthony Sabin Plea Agreement
Page 5

the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.    **Deadline**: This plea offer expires if not accepted by November 7, 2025, at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

/s/ Cassady A. Adams
CASSADY A. ADAMS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12/9/25
Date

ANTHONY MICHAEL SABIN
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12/1/25
Date

MICHAEL BENSON
Attorney for Defendant