SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**CASSADY A. ADAMS, CO Bar #48807**
Assistant United States Attorney
Cassady.Adams@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:24-cr-00418-IM-1 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| ANTHONY MICHAEL SABIN, | |
| **Defendant.** | |

### Introduction

Defendant Anthony Michael Sabin is before the Court for sentencing following entry of a guilty plea to the charge of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

In this case, the United States recommends a sentence of 16 months custody, followed by three years of supervised release.

/ / /

/ / /

**Government's Sentencing Memorandum**                                             **Page 1**

**Factual Background**

**A. The Offense Conduct**

On October 9, 2024, a Umatilla tribal police officer conducted a traffic stop of a car on the Confederated Tribes of the Umatilla Indian Reservation. PSR ¶ 23. The car had an expired Idaho temporary license plate, did not properly use a turn signal, and did not pull over in a timely manner. *Id.*

At the time of the traffic stop, defendant Anthony Sabin was in the backseat of the car; co-defendant Waylon Speedis was in the front passenger seat of the car; and a female (Speedis' significant other at the time, referred to herein as Speedis' Girlfriend) was in the driver's seat. PSR ¶ 24. Due to the circumstances of the traffic stop, all of the vehicle occupants were detained. *Id.*

Police observed a methamphetamine pipe in plain view in the backseat where Sabin had been sitting. PSR ¶ 25. Inside a satchel found on Sabin's person, law enforcement found a case with multiple baggies of suspected controlled substances, spoon straws, and foil. *Id.* The substances were determined to be approximately 40 gross grams of methamphetamine and 8 grams of fentanyl, as well as mannitol (a common fentanyl cutting agent). *Id.*

Sabin was arrested after the officer observed the methamphetamine pipe. PSR ¶ 25. Speedis' Girlfriend was arrested on an outstanding state warrant, and Speedis was released on scene pending further investigation. *Id.*

Following his arrest, Sabin made a jail call from the Umatilla County Jail to another female. PSR ¶ 28. In the call, he stated, "They need to make sure they get that car, and they get it ASAP . . . they need to fucking make sure they get that fucker or else Way's fucked [believed to refer to Waylon Speedis]." *Id.*

**Government's Sentencing Memorandum** **Page 2**

The vehicle was towed to police custody, and on October 10, 2024, law enforcement executed a federal search warrant on the vehicle. PSR ¶ 26. In the vicinity of the vehicle where Sabin had been sitting, agents found a backpack that contained multiple boxes of ammunition. *Id.* A purple notebook with an apparent pay/owe ledger (consistent with a drug ledger) was also found near the backpack. *Id.*

Agents also found a green backpack in the back passenger side floor with multiple forms of identification for Speedis, three cell phones, a scale, as well as approximately 52 grams of fentanyl and 326 grams of methamphetamine. PSR ¶ 26. (These drug weights for Speedis' drugs are not included in Sabin's relevant conduct / guideline calculations.)[1]

Within the trunk of the vehicle, agents found a Taurus G3C 9mm caliber pistol with a magazine within a locked firearm case. PSR ¶ 27. An FBI lab report revealed that there was one latent print on the gun magazine, determined to belong to Speedis. *Id.* Sabin's fingerprints were not found on the gun. *Id.*

Overall, the investigation revealed—and the parties agreed—that Sabin was responsible for approximately 40 grams of methamphetamine and 5 grams of fentanyl. ECF 68, ¶ 5. The parties agreed that some of the drugs in Sabin's possession were likely for his own personal use, and that he was responsible for at least 20 KG but less than 40 KG of converted drug weight (which was intended for further distribution) under the sentencing guidelines. *Id.*

**B. Federal Indictment**

---

[1] The government located evidence of historical drug trafficking phone messages by the co-defendant, Speedis, on Speedis' Girlfriend's phone, as described in the government's sentencing memorandum for Speedis' case, ECF 78. We were unable to recover/confirm phone messages detailing historical drug trafficking conduct by Sabin. On January 30, 2026, Speedis was sentenced to 60 months' custody and 3 years supervised release. ECF 80.

**Government's Sentencing Memorandum**                                        **Page 3**

On November 5, 2024, a federal grand jury returned an indictment charging Sabin and Speedis with conspiracy to possess with intent to distribute fentanyl and methamphetamine, possession with intent to distribute fentanyl, and possession with intent to distribute methamphetamine.

### C. The Plea Agreement & Guideline Computations

On December 9, 2025, Sabin pleaded guilty to count three of the indictment, possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C). PSR ¶ 1.

The presentence report has calculated Sabin's criminal history score to be six, and his criminal history category is III. PSR ¶ 54.

The presentence report has calculated Sabin's base offense level as 24, under USSG § 2D1.1(a)(5). PSR ¶ 33. This would result in a total offense level of 21, PSR ¶ 42, and a guideline range of 46-57 months. PSR ¶ 93.

Pursuant to the plea agreement, the government requests that the Court apply a base offense level of 16, with a converted drug weight of at least 20 KG but less than 40 KG. With a three-level reduction under USSG § 3E1.1 for acceptance of responsibility, this results in a guideline range of 18-24 months. An additional one-level variance under 18 U.S.C. § 3553(a), for mitigating circumstances, would then be requested to achieve our sentencing recommendation of 16 months custody.

The government recommends a sentence of 16 months custody in this case, followed by three years of supervised release. This recommendation is consistent with the plea agreement. If necessary, the government recommends the Court impose a variance to achieve the 16-month sentencing recommendation under 18 U.S.C. § 3553(a).

/ / /

**Government's Sentencing Memorandum**                                    **Page 4**

**Argument**

## A. 18 U.S.C. 3553(a) Sentencing Factors

There are general factors that district courts take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

(5) "any pertinent policy statement" issued by the Sentencing Commission;

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7).

Many of the § 3553(a) factors warrant the sentence requested by the government in this case, including the nature and circumstances of the offense, and the need for the sentence imposed to serve the purposes of the criminal laws. Those purposes include "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment . . . afford adequate deterrence . . . protect the public . . . ." and to provide needed education, training, treatment, and care to the defendant. 18 U.S.C. § 3553(a)(2).

/ / /

/ / /

**Government's Sentencing Memorandum**                                                          **Page 5**

## B. Analysis of Sentencing Factors

A 16-month custody sentence is appropriate in this case, considering the factors set forth in 18 U.S.C. § 3553(a).

Defendant Anthony Sabin possessed with intent to distribute both fentanyl and methamphetamine on the Confederated Tribes of the Umatilla Indian Reservation in October 2024.

This conduct was serious because both drugs are dangerous. Methamphetamine is a highly addictive and dangerous drug. *See* DEA Drug Fact Sheet – Methamphetamine, April 2020, *available at* https://www.dea.gov/sites/default/files/2020-06/Methamphetamine-2020_0.pdf . Specifically, it is a central nervous system stimulant that can have serious side effects, including causing people to act violently and inducing anxiety, confusion, insomnia, and psychotic behavior. *Id.* Fentanyl is a potent synthetic opioid that can be lethal and cause overdose deaths even in small amounts. *See* DEA Drug Fact Sheet – Fentanyl, Oct. 2022, *available at* https://www.dea.gov/sites/default/files/2022-12/Fentanyl%202022%20Drug%20Fact%20Sheet.pdf .

Native Americans have one of the highest overdose rates of any ethnic group, *see* Kebec and Felbab-Brown, *Fentanyl's impact on Native American communities and paths to recovery*, Brookings, Sept. 24, 2024, https://www.brookings.edu/articles/fentanyls-impact-on-native-american-communities-and-paths-to-recovery/ . "Beyond grief and trauma, the loss of community members also inflicts cultural losses and produces intensely detrimental psycho-social impacts." *Id.* Here, Sabin (along with his co-defendant, Speedis) chose to commit drug trafficking in his own community, which includes Indian Country, contributing to the spread of this poison.

Sabin's criminal history also weighs in favor of a 16-month custody sentence. He has previously been convicted of Assault IV (felony) in 2010, PSR ¶ 45; delivery of methamphetamine in 2011, PSR ¶ 47; failure to appear in 2011 and 2012, PSR ¶¶ 48, 50; possession of heroin (felony) in 2012, PSR ¶ 49; unlawful use of a weapon, unlawful discharge of a weapon, and felon in possession of a firearm in 2015, PSR ¶ 51; robbery III in 2015, PSR ¶ 52; and violation of a restraining order in 2024, PSR ¶ 53.

Some of Sabin's prior crimes involve drugs or Sabin being under the influence of drugs. PSR ¶¶ 45, 47, 49, 51. For example, in the shooting incident that resulted in Sabin's 2015 convictions for unlawful use of a weapon et seq., Sabin admitted that he was "high on meth" at the time of the incident. PSR ¶ 51.

The government acknowledges Sabin's substance abuse challenges, which likely played a role in this offense. PSR ¶¶ 78-85. The parties have agreed that some of the drugs possessed by Sabin at the time of this offense were for his own personal use, and thus not attributable to his relevant conduct calculation under the guidelines. Sabin reported that he last used both fentanyl and methamphetamine on the day of his arrest, and a methamphetamine pipe was found in the vehicle underneath where Sabin had been sitting. PSR ¶¶ 25, 80, 82. For those reasons, among the other reasons stated herein, the government recommends a downward variance under 18 U.S.C. § 3553(a), to a 16-month custody sentence.

Sabin has also accepted responsibility in a timely manner by virtue of his guilty plea in this case.

Overall, Sabin has also generally done well on pretrial release, despite some bumps in the road. PSR ¶¶ 17-22. Sabin was initially released to the Medicine Wheel recovery services program, where he incurred a violation due to behavioral issues and was discharged from the

**Government's Sentencing Memorandum**                                    **Page 7**

program. PSR ¶ 17. He then went to the NWRRC and subsequently entered and completed drug treatment at the Volunteers of America (VOA). *Id.* Sabin then went on to reside in a sober living home and continued participating in treatment, with a lapse in attendance in November 2025 due to work and child custody arrangements, and an instance of alcohol use in December 2025. PSR ¶¶ 18, 21. The presentence report indicates that Sabin currently resides in an Oxford clean and sober house, attends outpatient substance use treatment, and is searching for employment. PSR ¶ 22. Considering Sabin's prior history of drug usage and his criminal history, this performance on pretrial supervision has been overall positive, despite the few lapses in compliance.

The requested sentence of 16 months' custody promotes respect for the law, provides just punishment, and affords adequate deterrence by holding Sabin accountable for his role in this case.

## Conclusion

Based on the foregoing, the government recommends the Court impose a sentence of 16 months custody, followed by a three-year term of supervised release, and a $100 fee assessment.

Dated: January 26, 2026,                                  Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/*Cassady A. Adams*
CASSADY A. ADAMS, CO Bar #48807
Assistant United States Attorney

**Government's Sentencing Memorandum**                                  **Page 8**